UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS K. IVEY,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., et al.,<br><br>    Chases. | Case No. 16-cv-00610-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Pending before the Court is Defendant JP Morgan Chase, N.A.'s ("Chase") motion to dismiss the first amended complaint filed by Plaintiff Douglas K. Ivey.[1] Dkt. No. 19 ("MTD"). Having considered Chase's motion to dismiss, Plaintiff's opposition, and all related papers, the Court finds the matter appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). For the reasons set forth below, the Court **GRANTS** Chase's motion to dismiss.[2]

## I. BACKGROUND

### A. Factual Allegations

For purposes of deciding the motion, the Court accepts the following as true:

In or about June of 2007, Plaintiff obtained a loan from Washington Mutual, which subsequently became JP Morgan Chase, N.A, and executed a promissory note and deed of trust secured against his home at 3330 Paradise Drive, Tiburon, County of Marin, CA (the "Property"). Dkt. No. 17 ("FAC") ¶ 5. On March 2, 2012, California Reconveyance Company, a trustee acting at Chase's direction, recorded a notice of default against the Property. *Id.* ¶ 6. In response to the

---

[1] Defendant Quality Loan Service Corporation joined in Chase's motion to dismiss on March 23, 2016. Dkt. No. 21.
[2] On March 21, 2016, Chase filed a request for judicial notice in support of its MTD. Dkt. No. 19-1. Because the allegations in the FAC are sufficient for the purpose of ruling on the MTD, the Court DENIES AS MOOT Defendant's request for judicial notice.

1   notice of default, Plaintiff obtained a loan modification from Chase, but he defaulted on payments
2   for the modified loan as well. *Id.* ¶ 19.
3         Around March or April of 2014, Plaintiff attempted to obtain another loan modification
4   from Chase by submitting a complete loan modification package with all the required
5   documentation. *Id.* ¶ 8. Plaintiff has not heard from Chase regarding the status of this second loan
6   modification application, and at the time of the FAC's filing, Plaintiff's application had been
7   pending for nearly two years. *Id.* ¶¶ 12, 32. On or about December 24, 2015, Defendant Quality
8   Loan Service Corporation ("Quality"), acting at Chase's direction, recorded a notice of trustee's
9   sale, setting a sale date of January 20, 2016. *Id.* ¶ 7.

10  **B.  Procedural History**

11        Plaintiff filed this action on January 12, 2016, in Marin County Superior Court, and it was
12  removed to this Court on February 5, 2016. Dkt. No. 1. Based on the allegations set forth above,
13  Plaintiff asserts four claims under California state law: (1) violation of California's Homeowners'
14  Bill of Rights, Cal. Civ. Code § 2920 *et seq.*, ("HBOR") (against Chase and Quality); (2)
15  negligence (against Chase); (3) intentional infliction of emotional distress ("IIED") (against
16  Chase); and (4) violation of California Business and Professions Code § 17200 *et seq.* ("UCL")
17  (against Chase). FAC. Plaintiff seeks a temporary restraining order and preliminary and
18  permanent injunctions barring Chase and Quality from conducting a trustee's sale of the Property
19  under Civil Code 2924.12(a); compensatory and actual damages; punitive damages; and attorneys'
20  fees and costs. *Id.* at 9-10.

21  **II.  DISCUSSION**

22        On March 21, 2016, Chase moved to dismiss Plaintiff's FAC for five main reasons: (1)
23  Plaintiff must allege tender of outstanding debt to challenge the foreclosure sale; (2) Chase had no
24  obligation to evaluate Plaintiff's 2014 loan modification application under HBOR § 2923.6(c) or
25  § 2923.6(g) because Plaintiff defaulted on his first loan modification; (3) Plaintiff fails to allege a
26  duty of care or damages to sustain his negligence claim; (4) Plaintiff does not allege that he
27  sustained severe injury or emotional distress intentionally caused by Chase to support his IIED
28  claim; and (5) Plaintiff lacks standing to assert a UCL claim and does not allege any unlawful,

2

unfair, or fraudulent conduct.

### A. Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

### B. Plaintiff Need Not Allege Tender To Challenge A Foreclosure Sale

Chase asserts that Plaintiff's entire action must be dismissed because "a debtor cannot challenge the foreclosure proceedings without first alleging tender." MTD at 5-6. Plaintiff responds that tender need not be alleged to support an action asserting violations of California Civil Code § 2923.6 and related claims. Dkt. No. 22 ("Opp'n") at 4-5. The Court agrees with Plaintiff.

1    In applying California's tender rule, "a growing number of federal courts have explicitly
2    held that the tender rule only applies in cases seeking to set aside a completed sale, rather than an
3    action seeking to prevent a sale in the first place." *Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp.
4    2d 964, 969 (N.D. Cal. 2012) (collecting cases); *see also Howl v. Bank of Am., N.A.*, Case No. C
5    11-0887 CW, 2011 WL 3610745, at *2 (N.D. Cal. Aug. 17, 2011) (refusing to require plaintiff to
6    allege tender where a foreclosure sale has not yet occurred); *Silva-Pearson v. BAC Home Loans
7    Servicing, LP*, Case No. C 11-01491 SI, 2011 WL 2633406, at *2 (N.D. Cal. July 5, 2011) (same);
8    *Dubin v. BAC Home Loans Servicing*, Case No. C-10-05065 EDL, 2011 WL 794995, at *3 (N.D.
9    Cal. Mar. 1, 2011) (same). This rule is based on the principle that "[t]he purpose of the
10   modification rules is to avoid a foreclosure despite the borrower being incapable of complying
11   with the terms of the original loan," making it "contradictory to require the borrower to tender the
12   amount due on the original loan in such circumstances." *See Majd v. Bank of Am., N.A.*, 243 Cal.
13   App. 4th 1293, 1306 (2015), as modified (Jan. 14, 2016).

14   Plaintiff seeks to enjoin a trustee sale of the Property that has yet to occur. Because
15   Plaintiff requests that the Court prevent a future sale rather than set aside a completed sale, the
16   Court holds that Plaintiff need not allege tender in order to have standing to bring this action.

### C. Plaintiff's First Claim For Violation Of California's Homeowners' Bill Of Rights Fails

19   Next, Chase contends that Plaintiff's HBOR claim (1) is barred by § 2923.6(c) because
20   Plaintiff defaulted on his first loan modification; (2) is precluded by § 2923.6(g) because Plaintiff
21   was previously evaluated for a modification; and (3) cannot be salvaged under the § 2923.6(g)
22   material change exception because Plaintiff has inadequately pled a material change in financial
23   circumstances. MTD at 6-9. The Court holds that Plaintiff's HBOR claim fails because Plaintiff
24   fails to adequately allege a material change in financial circumstances.

25   In relevant part, § 2923.6(c) of the HBOR provides, "If a borrower submits a complete
26   application for a first lien loan modification …[a lender] shall not record a notice of default or
27   notice of sale, or conduct a trustee's sale, while the complete first lien loan modification
28   application is pending." Cal. Civ. Code § 2923.6(c). There are three exceptions to this rule, the

third of which allows foreclosure if "the borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification." Cal. Civ. Code § 2923.6(c)(3).

Under § 2923.6(g),

> the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, ***unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer***.

Cal. Civ. Code § 2923.6(g) (emphasis added).

### 1. Plaintiff's HBOR Claim Would Not Be Precluded By § 2923.6(c) Or § 2923.6(g) If He Sufficiently Alleged A Material Change In Financial Circumstances

Chase's argument that Plaintiff's HBOR claim is barred because he was considered for and accepted a prior loan modification is contradicted by the clear language of § 2923.6(g). Section 2923.6(g) provides that even if a borrower accepts and then defaults on a prior modification, he may still be protected under the HBOR if he is able to allege a material change in financial circumstances that is documented and submitted to the mortgage servicer. *See Ivey v. Chase Bank*, Case No. 14-CV-02289-NC, 2015 WL 294371, at *3 (N.D. Cal. Jan. 22, 2015); *Dias v. JP Morgan Chase*, N.A., Case No. 5:13-CV-05327-EJD, 2014 WL 2890255, at *4 (N.D. Cal. June 25, 2014); *Shaw v. Specialized Loan Servicing, LLC,* Case *No. CV 14-00783 MMM MRWX, 2014 WL 3362359*, at *6 (C.D. Cal. July 9, 2014). Accordingly, the Court must determine whether Plaintiff has adequately alleged that he experienced a material change in financial circumstances that was documented and submitted to Chase.

### 2. Plaintiff Fails To Adequately Allege A Material Change In Financial Circumstances Under § 2923.6(g)

To invoke the protection of § 2923.6(g), a plaintiff must allege a specific change in financial circumstances that was documented and submitted to the mortgage servicer, rather than

providing a "barebones explanation." *Gilmore v. Wells Fargo Bank N.A.*, 75 F. Supp. 3d 1255, 1264-65 (N.D. Cal. 2014) (internal quotations omitted).  For example, informing the lender of a $2,400 salary increase from new employment and supplying documentation of this is sufficient at the pleading stage, *Vasquez v. Bank of Am.*, N.A., Case No. 13-CV-02902-JST, 2013 WL 6001924, at *2, 8 (N.D. Cal. Nov. 12, 2013), but informing the lender of dwindling take home pay due to increased costs of living is insufficient, *Mann v. Bank of Am., N.A.*, Case No. 5:13-CV-02293-CAS, 2014 WL 495617, at *4 (C.D. Cal. Feb. 3, 2014).

Here, Plaintiff's conclusory, barebones allegation that "the said pending modification application consists of material changes in the plaintiff's financial circumstances," *see* FAC ¶ 20, falls well short of alleging a specific change.  Accordingly, the Court holds that the FAC, as pled, does not permit Plaintiff to invoke § 2923.6(g)'s protection because Plaintiff has not sufficiently alleged a specific material change in financial circumstances that was submitted to the mortgage servicer.

### 3. Plaintiff's Arguments to the Contrary Are Unavailing

Plaintiff argues against this conclusion on two additional grounds:  (1) the HBOR is not retroactive and thus § 2923(c)(3) cannot bar his claim; and (2) § 2923(c)(3) is inapplicable because Chase accepted Plaintiff's second loan modification application.  Opp'n at 5-8.  The Court disagrees.

Plaintiff first contends that § 2923(c)(3) cannot preclude his claim because Plaintiff's first loan modification was granted before the HBOR took effect, and thus consideration Plaintiff's first loan modification would require the improper retroactive application of the HBOR.  Opp'n at 5.  In California, statutes are not applied retroactively in the absence of clear evidence of legislative intent, and no such evidence has been found for the HBOR with regard to violations that occurred before the law took effect in 2013.  *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1152 (N.D. Cal. 2013).  However, courts have found that the HBOR applies to loans that originated before 2013.  *See, e.g., Mann*, 2014 WL 495617 at *3 n.2.  Section 2923.6(g) expressly allows lenders to foreclose on "borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013,"

indicating clear legislative intent for modifications dating back to before 2013 to be considered under the statute. As a result, Plaintiff's first loan modification that originated before 2013 is not excluded from consideration in the current suit.

Next, Plaintiff contends that § 2923(c)(3) does not apply because Chase accepted Plaintiff's more recent loan modification application. Opp'n at 6. However, § 2923(c)(3) allows a lender to foreclose after a borrower has accepted and defaulted on the first loan modification absent allegations of a material change in financial circumstances. *Smith v. Wells Fargo Bank, N.A.*, Case No. 15-CV-01779-YGR, 2016 WL 283521, at *3 (N.D. Cal. Jan. 25, 2016) ("[U]nder section 2923.6(c)(3), a borrower who already obtained and defaulted on a first lien loan modification is not entitled to the protections against recording of notices and conducting a trustee's sale during the pendency of a later loan modification application" absent a material change in financial circumstances); *see also Deschaine v. IndyMac Mortgage Servs.*, 617 F. App'x 690, 694 (9th Cir. 2015) (finding that plaintiff was not entitled to appeal the denial of his loan modification application when he had previously defaulted on a modification). Thus, Chase was entitled to foreclose after receiving Plaintiff's most recent loan modification application unless the application sufficiently described and documented a material change in financial circumstances.

\*   \*   \*

Because Plaintiff defaulted on his first loan modification and fails to adequately allege a material change in financial circumstances that was documented and submitted to Chase under § 2923.6(g), the Court GRANTS Chase's motion to dismiss Plaintiff's claim for violation of the HBOR.

### D.     Plaintiff's Second Claim for Negligence Fails

Chase contends that Plaintiff's negligence claim must fail because Chase did not owe Plaintiff a duty of care in its role as a money lender, and even if Chase owed a duty of care, Plaintiff has not alleged damages as a result of any alleged breach. MTD at 9-12. Plaintiff asserts that Chase breached its duty to act reasonably when handling his loan modification application by failing to notify Plaintiff of the application's status for two years. FAC at 6-7. The Court finds that Chase owed no duty of care, and accordingly dismisses Plaintiff's negligence claim.

In California, the requirements for a claim of negligence are "(1) facts showing a duty of care in the defendant, (2) negligence constituting a breach of the duty, and (3) injury to the plaintiff as a proximate result." *Peter W. v. San Francisco Unified Sch. Dist.*, 60 Cal.App.3d 814, 820 (1976). Generally, in a lender-borrower relationship, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1096 (1991). However, in *Alvarez v. BAC Home Loans Servicing*, the California Court of Appeal found that lenders owe borrowers a "duty to exercise reasonable care in the review of their loan modification applications once they had agreed to consider them." 228 Cal.App.4th 941, 944 (2015). In reaching this conclusion, the court noted that the transaction at issue was clearly intended to affect the plaintiff, harm from mishandling the application was foreseeable, and that allegations of dual tracking and the unequal positions of lender and borrower made the conduct morally blameworthy. *Id.* at 948-50.

Very recently, the Ninth Circuit has held that under California law, lenders do not owe borrowers a duty of care to process a borrower's loan modification application within a particular time frame. *Anderson v. Deutsche Bank Nat. Trust Co. Americas*, Case No. 14–55822, 2016 WL 2343248, at *1 (9th Cir. May 4, 2016). The Ninth Circuit explained that, while harm to borrowers is a foreseeable result of delays in the processing of loan modification applications, it is "neither certain nor primarily attributable to the lender's delay in the processing." *Id.* Rather, because the borrowers' default makes the modification necessary, the resulting harm is "not ... closely connected to the lender's conduct" and the lender's conduct is not morally blameworthy. *Id.* (quoting *Lueras v. BAC Home Loans Servicing, LP,* 221 Cal.App.4th 49, 67 (2013)).

Because this case is indistinguishable from *Anderson*, the Court finds that Chase did not have a duty of care to promptly process Plaintiff's loan modification application.[3] Plaintiff alleges that Chase "failed to act reasonably by failing to inform plaintiff of the status of his loan

---

[3] As an unpublished Ninth Circuit decision, *Anderson* is not precedent, but can be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

modification for nearly two years." FAC ¶¶ 6, 19.  Yet the Ninth Circuit has unambiguously held that lenders owe no duty to borrowers to promptly process loan modification applications. *Anderson,* 2016 WL 2343248 at *1.  Moreover, because Plaintiff does not allege that Chase placed him in a position to require a loan modification, any harm that Plaintiff allegedly experienced as a result of Chase's silence is primarily attributable to Plaintiff's default on his first loan modification, not Chase's actions.  *See id.*

Additionally, Plaintiff's allegations regarding dual tracking are entirely conclusory.  The FAC alleges that "Chase baited Plaintiff into engaging in the long process of applying for loan modifications, all the while intending to eventually foreclose on Plaintiff rather than help him stay in his home." FAC ¶ 35.  Plaintiff fails to include any non-conclusory allegations regarding how Chase "baited" him into applying for a modification while intending to foreclose.  For example, Plaintiff does not allege that Chase made any promises or discouraged him from seeking other remedies, as in other cases in which courts have found dual tracking.  *See e.g.*, *Smith*, 2016 WL 283521, at *1 (plaintiff was told to stop making payments to get a better interest rate on a loan modification); *Cornejo v. Ocwen Loan Servicing, LLC*, Case No.: 1:15-cv-00993-JLT, 2015 WL 9268690, at *3 (E.D. Cal. Dec. 21, 2015) (plaintiffs were told the foreclosure sale was postponed to allow for review of their application, then the lender foreclosed nonetheless).

Accordingly, the Court holds that Chase owed Plaintiff no duty of care to timely process his loan modification application and GRANTS Chase's motion to dismiss Plaintiff's negligence claim.

### E. Plaintiff's Third Claim for Intentional Infliction of Emotional Distress Fails

Chase moves to dismiss Plaintiff's IIED claim on that grounds that Plaintiff fails to allege facts to plausibly establish that Chase engaged in "extreme or outrageous conduct" intentionally designed to cause Plaintiff emotional distress.  MTD at 13.  Further, Chase asserts that Plaintiff does not plead that he sustained severe injury or emotional distress.  *Id.*  Plaintiff responds that Chase engaged in extreme and outrageous conduct by leading him to believe that he would be able to qualify for a loan modification, which caused Plaintiff emotional distress.  Opp'n at 10.  The Court agrees with Chase and dismisses Plaintiff's IIED claim.

1          To state an IIED claim, a plaintiff must allege that "(1) the defendant engaged in extreme
2   and outrageous conduct with the intention of causing, or reckless disregard of the probability of
3   causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or
4   extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of
5   the emotional distress." *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736 (2002). "As
6   a matter of law . . . foreclosing on property does not amount to the outrageous conduct required to
7   support a claim for intentional infliction of emotional distress." *Aguinaldo v. Ocwen Loan
8   Servicing, LLC*, Case No. 5:12-CV-01393-EJD, 2012 WL 3835080, at *7 (N.D. Cal. Sept. 4,
9   2012) (internal quotations omitted); *see also Davenport v. Litton Loan Servicing, LP*, 725
10  F.Supp.2d 862, 884 (N.D. Cal. 2010).

11         Plaintiff's allegation that Chase intends to foreclose on his home, standing alone, is
12  insufficient to constitute extreme and outrageous conduct as a matter of law. *See Aguinaldo,* 2012
13  WL 3835080 at *7. Plaintiff's sole additional allegation to support his IIED claim is that that
14  Chase somehow "baited" him into applying for a modification. FAC ¶ 35. This entirely
15  conclusory allegation is insufficient to plausibly suggest that Chase engaged in the "extreme and
16  outrageous conduct" necessary to sustain his IIED claim at the pleading stage. *See Twombly*, 550
17  U.S. at 570.

18         Consequently, the Court GRANTS Chase's motion to dismiss Plaintiff's IIED claim.

19  **F.     Plaintiff's Fourth Claim Under Cal. Business & Professions Code §17200 Fails**

20         Finally, Chase argues that Plaintiff's UCL claim fails because (1) Plaintiff lacks standing
21  under the UCL and (2) Plaintiff does not allege any unlawful, unfair, or fraudulent conduct by
22  Chase. MTD at 13-15. Plaintiff concedes that his UCL claim is derivative of his first three
23  claims. FAC at 9. Because the Court has found that Plaintiff's first three claims fail to state a
24  claim upon which relief can be granted, the Court also dismisses Plaintiff's UCL claim.

25         "[A] § 17200 claim must be brought 'by a person who has suffered injury in fact and has
26  lost money or property as a result of the unfair competition.'" *Sullivan v. Washington Mut. Bank,
27  FA*, Case No. C-09-2161 EMC, 2009 WL 3458300, at *4 (N.D. Cal. Oct. 23, 2009) (quoting Cal.
28  Business & Professions Code §17200). To establish injury in fact in the context of a home

foreclosure, it is enough that foreclosure proceedings have been initiated. *Id.*

While Chase has initiated foreclosure on the Property, which is sufficient to constitute an injury in fact, Plaintiff has failed to adequately allege any unfair, unlawful, or fraudulent conduct by Chase that caused the foreclosure.

Accordingly, the Court GRANTS Chase's motion to dismiss Plaintiff's UCL claim.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS WITH LEAVE TO AMEND Chase's motion to dismiss the FAC. The Court directs Plaintiff's counsel to carefully consider the above analysis when deciding whether and how to amend the complaint. To the extent Plaintiff is able to state a claim that comports with the requirements of *Twombly* and all other controlling legal standards, Plaintiff shall file an amended complaint within 21 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: August 29, 2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge