UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS K. IVEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE BANK N.A., et al.,<br><br>    Defendants. | Case No. 16-cv-00610-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 40, 44 |

Pending before the Court is a motion to dismiss Plaintiff Douglas K. Ivey's second amended complaint ("SAC") brought by Defendant JP Morgan Chase, N.A. ("Chase").[1] Dkt. No. 40. Having considered Defendants' motion, Plaintiff's opposition, and all related papers, the Court finds the matter appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). For the reasons below, the Court GRANTS the motion to dismiss.

**I.   BACKGROUND**

In this foreclosure action, Plaintiff seeks to prevent the trustee's sale noticed against his property located at 3330 Paradise Drive, Tiburon, County of Marin, CA.  Plaintiff asserts four claims under California state law:  (1) violation of California's Homeowners' Bill of Rights, Cal. Civ. Code § 2920 *et seq.*, ("HBOR") (against Chase and Quality); (2) negligence (against Chase); (3) intentional infliction of emotional distress ("IIED") (against Chase); and (4) violation of California Business and Professions Code § 17200 *et seq.* ("UCL") (against Chase).

On August 29, 2016, the Court dismissed Plaintiff's first amended complaint ("FAC") in

---

[1] Defendant Quality Loan Service Company has moved to join Chase's motion to dismiss. Dkt. No. 44.  The Court GRANTS Quality's motion.

its entirety for failure to state a claim.[2]  Dkt. No. 37 ("Dismissal Order").  In the Dismissal Order, the Court held that (i) Plaintiff did not state an HBOR claim because he "defaulted on his first loan modification and fail[ed] to adequately allege a material change in financial circumstances that was documented and submitted to Chase under § 2923.6(g)"; (ii) Plaintiff's negligence claim failed because "Chase owed Plaintiff no duty of care to timely process his loan modification application"; (iii) Plaintiff's conclusory allegation that Chase "baited" him into applying for a loan modification was "insufficient to plausibly suggest that Chase engaged in the 'extreme and outrageous conduct' necessary to sustain his IIED claim at the pleading stage"; and (iv) Plaintiff "failed to adequately allege any unfair, unlawful, or fraudulent conduct by Chase" to sustain his UCL claim.  *Id.*

Following the Dismissal Order, Plaintiff filed his SAC on September 19, 2016.  Dkt. No. 39.

## II. DISCUSSION

Defendants move to dismiss the SAC for five main reasons:  (1) Plaintiff fails to show that he submitted a complete loan modification application to Chase as required for his first claim under the HBOR; (2) Plaintiff does not adequately plead that he documented and submitted a material change in financial circumstances as required under § 2923.6(g) of the HBOR; (3) Plaintiff fails to allege a duty of care or damages to sustain his negligence claim; (4) Plaintiff does not allege that Chase engaged in "extreme and outrageous conduct" or that Plaintiff sustained severe injury or emotional distress to support his IIED claim; and (5) Plaintiff lacks standing to assert a UCL claim and does not allege any unlawful, unfair, or fraudulent conduct.[3]

### A. The HBOR (Claim One)

The motion to dismiss Plaintiff's first claim for relief under the HBOR is GRANTED.

---

[2] The Court discussed the factual background in detail in the Dismissal Order, and incorporates the unchanged facts and the legal analysis from the Dismissal Order here.  In this order, the Court only discusses the facts as necessary to address the new issues raised in the SAC and the renewed motion to dismiss.
[3] On October 4, 2016, Chase filed a request for judicial notice in support of its motion.  Dkt. No. 41.  Because the allegations in the SAC are sufficient for the purpose of ruling on the motion, the Court DENIES AS MOOT Defendant's request for judicial notice.

1  Defendants move to dismiss Plaintiff's HBOR claim because (i) Plaintiff's complaint fails to show
2  he submitted a complete loan modification application to Chase and (ii) Plaintiff does not
3  sufficiently plead that he documented and submitted a material change in financial circumstances
4  to Chase as required under § 2923.6(g) of the HBOR.
5      First, Defendants argue that Plaintiff's HBOR claim should be dismissed because Plaintiff
6  must not only plead that he submitted a complete loan modification application to Chase, but also
7  provide "factual support to substantiate" his claim that he submitted a complete application. *See*
8  Dkt. No. 40 at 5-6.  However, Defendants' only cited authority for this proposition comes from the
9  Central District of California, *see id.*, and this Court declines to impose a heightened pleading
10 burden on Plaintiff based on non-binding authority from outside of this jurisdiction.   Accordingly,
11 the Court holds that Plaintiff's SAC sufficiently alleges that he submitted "a complete loan
12 modification package to Chase in the form of and with all the documents required by Chase" to
13 sustain his HBOR claim at the pleading stage.
14     Next, Defendants contend that Plaintiff fails to adequately allege that he documented and
15 submitted a material change in financial circumstances to Chase. *See id.* at 7-9.  As the Court held
16 in its Dismissal Order, § 2923.6(g) provides that even if a borrower accepts and then defaults on a
17 prior modification, he may still be protected under the HBOR if he is able to allege a material
18 change in financial circumstances that is documented and submitted to the mortgage servicer.  *Ivey*
19 *v. JP Morgan Chase Bank, N.A.*, No. 16-CV-00610-HSG, 2016 WL 4502587, at *3 (N.D. Cal.
20 Aug. 29, 2016); *see also Ivey v. Chase Bank*, Case No. 14-CV-02289-NC, 2015 WL 294371, at *3
21 (N.D. Cal. Jan. 22, 2015);  *Dias v. JP Morgan Chase*, N.A., Case No. 5:13-CV-05327-EJD, 2014
22 WL 2890255, at *4 (N.D. Cal. June 25, 2014); *Shaw v. Specialized Loan Servicing, LLC,* Case *No.*
23 *CV 14-00783 MMM MRWX, 2014 WL 3362359*, at *6 (C.D. Cal. July 9, 2014).  In the SAC,
24 Plaintiff adds allegations that

> [T]he 2014 application stated income of $23,000 monthly and expenses of $19,558.83, and total assets of $3,020,000 and additional living expenses of $3,975 monthly.  The September 2013 application stated $25,000 monthly income, $15,413.12 monthly expenses, [and] assets of $4,005,000.  The changes between the two constitute "material changes."

3

SAC ¶ 23. However, Plaintiff's additional allegations still fall short of the HBOR's clear requirement that a plaintiff allege that his material change in financial circumstances was "*documented . . . and submitted* to the mortgage servicer." *See* Cal. Civ. Code § 2923.6(g) (emphasis added). Nothing in Plaintiff's SAC can be read to plausibly indicate that Plaintiff submitted documentation of his alleged changes in income and monthly expenses to Chase. Accordingly, the Court GRANTS the motion to dismiss Plaintiff's first claim for relief under the HBOR.

### B.  Negligence (Claim Two)

The motion to dismiss Plaintiff's second claim for negligence is GRANTED. As the Court found in its Dismissal Order, the Ninth Circuit has unambiguously held that application of the *Biakanja* factors leads to the conclusion that lenders do not owe borrowers a duty of care to process loan modification applications within a particular time frame. *Ivey*, 2016 WL 4502587, at *5 (N.D. Cal. Aug. 29, 2016) (citing *Anderson v. Deutsche Bank Nat. Trust Co. Americas*, Case No. 14–55822, 2016 WL 2343248, at *1 (9th Cir. May 4, 2016)).[4] Thus, Plaintiff cannot state a negligence claim premised solely upon Chase's delay in processing his loan modification application.

Plaintiff's negligence claim is not salvaged by the additional conclusory allegations that Defendants "encouraged" him to submit a loan modification application and "represent[ed] to him that consistent with the timing and the processing of the prior written loan modification that the 2014 application would be acted upon with[in] a short time period not to exceed a few months." *See* SAC ¶ 32. In order to sufficiently distinguish this case from *Anderson*, Plaintiff must plead non-conclusory allegations to plausibly support a finding that Chase made explicit promises to him or affirmatively discouraged him from seeking other remedies, as in other cases in which courts have found dual tracking. *See e.g.*, *Smith*, 2016 WL 283521, at *1 (plaintiff was told to stop making payments to get a better interest rate on a loan modification); *Cornejo v. Ocwen Loan Servicing, LLC*, Case No.: 1:15-cv-00993-JLT, 2015 WL 9268690, at *3 (E.D. Cal. Dec. 21,

---

[4] As an unpublished Ninth Circuit decision, *Anderson* is considered only for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

4

2015) (plaintiffs were told the foreclosure sale was postponed to allow for review of their application, then the lender foreclosed nonetheless).

The Court GRANTS the motion to dismiss Plaintiff's negligence claim because Chase did not owe Plaintiff a duty of care to timely process his loan modification application and Plaintiff fails to plead non-conclusory allegations to distinguish this case from *Anderson*.

### C.     Intentional Infliction of Emotional Distress (Claim Three)

The motion to dismiss Plaintiff's fourth claim for IIED is GRANTED WITH PREJUDICE. As the Court held in the Dismissal Order, Plaintiff's allegations in his FAC were either entirely conclusory or insufficient to plead extreme and outrageous conduct as a matter of law. *See Ivey*, 2016 WL 4502587, at *6 (citing *Aguinaldo v. Ocwen Loan Servicing, LLC*, Case No. 5:12-CV-01393-EJD, 2012 WL 3835080, at *7 (N.D. Cal. Sept. 4, 2012)). Plaintiff did not attempt to bolster his IIED claim with any additional allegations in his SAC, and accordingly, for the reasons articulated in the Dismissal Order, the Court GRANTS the motion to dismiss this claim WITH PREJUDICE. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) ("where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad").

### D.     California's UCL (Claim Four)

Finally, the Court GRANTS the motion to dismiss Plaintiff's fifth claim under Cal. Business & Professions Code §17200. Plaintiff's SAC has again failed to adequately allege any unfair, unlawful, or fraudulent conduct by Chase that caused the foreclosure. *See Ivey*, 2016 WL 4502587, at *6.

//
//
//
//
//

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the SAC. Plaintiff's IIED claim is DISMISSED WITH PREJUDICE, and the remainder of Plaintiff's SAC is DISMISSED WITH LEAVE TO AMEND. To the extent Plaintiff is able to state a claim that comports with the requirements of *Twombly* and all other controlling legal standards, Plaintiff may file one final amended complaint within 21 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: December 16, 2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge